IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY L. BARTA,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )  Civil Action No. 05-408J
                                         )
JO ANNE B. BARNHART,                     )
COMMISSIONER OF                          )
SOCIAL SECURITY,                         )
                                         )
                    Defendant.           )


MEMORANDUM JUDGMENT ORDER

AND NOW, this ___8th___ day of January, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.   Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity.  Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).   These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on July 31, 2003, alleging disability beginning April 10, 2003, due to a right arm impairment, migraines, nervousness, depression, nausea and back, shoulder and leg pain.  Plaintiff's application was denied.  At plaintiff's request, an ALJ held a hearing on March 9, 2005, at which plaintiff appeared represented by counsel.  On April 25, 2005, the ALJ issued a decision finding that plaintiff is not disabled.  The Appeals Council denied plaintiff's subsequent request for review on September 9, 2005, making the ALJ's decision the final decision of the Commissioner.  The instant action followed.

Plaintiff was 56 years old at the time of the ALJ's decision and is classified as an individual of advanced age under the regulations. 20 C.F.R. §404.1563(e). Plaintiff has a high school education.  Plaintiff has past relevant work experience as a beautician, but she has not engaged in substantial gainful activity since May 2, 2003.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of brachial plexopathy and migraine headaches, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work that involves lifting or carrying up to 10 lbs. frequently and 20 lbs. occasionally, standing and/or walking up to six hours in an eight hour workday and some pushing or pulling of arm or leg controls (collectively, the "RFC Finding"). The ALJ then concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to return to her past work as a beautician, as the job generally is performed in the national economy. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only

unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...."  42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential and follows a "set order" of inquiries.  20 C.F.R. §404.1520(a)(4).  The ALJ must determine in sequence:  (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.  20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

Here, plaintiff challenges the ALJ's findings at step 4 of the sequential evaluation process. At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to perform her past relevant work.   20  C.F.R. §404.1520(f).  Residual functional capacity is defined as that which an individual still is able to do despite the limitations

caused by her impairments. 20 C.F.R. §404.1545(a)(1); <u>Fargnoli</u>, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

In this case, plaintiff alleges the ALJ's step 4 finding is not based on substantial evidence because: (1) he gave inadequate weight to the opinion of plaintiff's treating physicians; and (2) he did not properly evaluate plaintiff's subjective complaints regarding her pain. The court finds that these arguments lack merit.

First, plaintiff contends that the ALJ erred by giving inadequate weight to the opinion of Dr. Robert Swansiger, who is her primary care physician, as well as Dr. Paul Hyman, who is her treating neurologist. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §404.1527(d)(2); <u>Fargnoli</u>, 247 F.3d at 43. Under this standard, neither Dr. Swansiger's nor Dr. Hyman's respective opinion was entitled to controlling weight.

As an initial matter, the court notes that, throughout the administrative proceedings in this case, plaintiff claimed to be disabled <u>primarily</u> due to her right arm impairment, not migraine

headaches.    (R. 97).    The record indicates that plaintiff
experienced migraine headaches since 1985, yet she continued to
work until May 2003, when she then allegedly stopped working
because of her arm problem.  (R. 73, 179).  Despite her contention
that she could not work mainly due to an arm impairment, plaintiff
now claims that the ALJ improperly discounted Dr. Swansiger's
opinion that she is disabled as a result of migraine headaches.

Contrary to plaintiff's suggestion, the information provided
by Dr. Swansiger does not indicate that he believed plaintiff to
be disabled because of migraine headaches.    In a letter dated
October 8, 2003, Dr. Swansiger briefly summarized plaintiff's
treatment history, noting that prior to July 2002, he treated her
only for migraines.    (R. 179).    He noted that plaintiff was
involved in an automobile accident in July 2002, after which time
she experienced problems with her right arm.    (R. 179).    Dr.
Swansiger stated that, as a result of arm problems, weakness and
tremors, plaintiff underwent an MRI of the head and cervical
spine, which were "within normal limits."  (R. 179).  Plaintiff
later saw a neurologist because of arm pain and weakness.    (R.
179).  Dr. Swansiger concluded that "these symptoms" (referring to
plaintiff's arm problems) have disabled plaintiff.  (R. 179).  Dr.
Swansiger also completed a form report, on which he indicated that
she is limited to part-time work due to problems involving her
right arm.    (R. 259).    On that same report, Dr. Swansiger noted
that he also treated plaintiff for migraine headaches, but he did
not state that the headaches were disabling.    (R. 260).

As the foregoing demonstrates, Dr. Swansiger did not conclude that plaintiff is disabled due to migraine headaches as plaintiff now contends. To the extent Dr. Swansiger suggested plaintiff is disabled due to problems with her right arm, that opinion is contradicted by the objective medical evidence of record which includes the following: (1) a normal EMG nerve conduction study of plaintiff's right upper extremity and cervical paraspinal region (R. 142); (2) an unremarkable MRI of the cervical spine and spinal cord (R. 190); and (3) an unremarkable physical examination that showed 5/5 arm strength on both sides, with 4/5 right hand grip strength and 5/5 left hand grip strength. (R. 218). As Dr. Swansiger's opinion on disability is inconsistent with these objective medical findings, the ALJ did not err in giving his opinion less than controlling weight.

Likewise, the ALJ did not err in giving Dr. Hyman's opinion limited weight. Dr. Hyman stated that plaintiff is disabled as a result of problems with her right upper extremity. (R. 168, 278). Dr. Hyman's opinion of disability was set forth in two short letters directed "to whom it may concern" without reference to any objective findings to explain his opinion. In addition, Dr. Hyman's opinion is contradicted by the objective medical evidence referenced above. In fact, Dr. Hyman acknowledged the medical evidence which showed plaintiff's EMG nerve conduction study was normal and that her cervical spine MRI was not remarkable. (R. 171, 176). For these reasons, as well as those explained above, the ALJ properly assessed the opinion of plaintiff's treating

physicians.

Plaintiff next argues that the ALJ did not properly evaluate her subjective complaints of pain, including migraine headaches. Contrary to plaintiff's position, a review of the ALJ's decision indicates that he thoroughly evaluated plaintiff's credibility, which included specific discussion of the medical and non-medical evidence, and he explained why he found plaintiff's allegations regarding her limitations not totally credible. (R. 20-21).

A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c)(2); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

Consistent with those requirements, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including objective medical findings, plaintiff's medications and the extent of her treatment, her daily activities,[1] plaintiff's own statements about her symptoms and

---

[1]. According to plaintiff, the ALJ found her not credible primarily because she was able to perform activities of daily living. Plaintiff's assertion misrepresents the ALJ's credibility analysis. Although "[d]isability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity," Smith v. Califano, 637 F.2d 968, 971 (3d Cir. 1981), it is nonetheless appropriate for the ALJ to consider "the number and type of activities" in which the claimant engages. Burns v. Barnhart, 312 F.3d 113, 129-30 (3d Cir. 2002). Here, the ALJ observed that plaintiff is able to perform light housework,

statements by her treating and examining physicians about her symptoms and how they affect her. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §404.1529(c)(4), the ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. The ALJ determined that the objective evidence is inconsistent with an individual experiencing totally debilitating pain. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 23). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 20-21), and is satisfied that such determination is supported by substantial evidence.

After carefully and methodically considering all of the evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial

---

drive short distances, wash dishes, do some laundry, sweep, take out light trash, vacuum and clean with her left arm, and attend to her own personal needs. (R. 21). In accordance with 20 C.F.R. §404.1529, it was proper for the ALJ to consider plaintiff's daily activities in conjunction with the record as a whole, which he did in this case, to determine whether plaintiff's subjective complaints were credible and ultimately to make a disability determination.

evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  James Pappas, Esq.
     Abood, Russell, Pappas, Rozich
     709 Franklin Street
     Johnstown, PA 15901

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901

AO 72
(Rev. 8/82)